{¶ 22} I concur in the majority's disposition of appellant's sole assignment of error. However, I do so for a different reason.
 {¶ 23} Assuming appellant and appellee are equal partners in Corder-Kibler, Ltd., to give the common words appearing in paragraphs 3 and 4 their ordinary meaning results in a manifest absurdity; i.e., appellant does not receive an "additional" $50,000, but rather receives only $25,000 more than he would have had the revenue from the lot sales been split 50-50. See,Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, syllabus two. If the underlying assumption is correct, I would find paragraphs 3 and 4 ambiguous. However, because I find no record demonstration appellant and appellee were equal partners, no such "manifest absurdity" results. Accordingly, I concur in the majority's decision to affirm the trial court's decision.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.